# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:16CV1603 |
| | ) | 5:14CR0007 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ALONZO B. SYKES, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are two *pro se* motions filed by defendant Alonzo Sykes ("defendant" or "Sykes"): (1) defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 465 ["2255 Mot."]); and (2) defendant's "letter motion" seeking an amended judgment (Doc. No. 476 ["Corr. Mot."]). For the reasons that follow, defendant's motion under § 2255 is denied, and the motion seeking an amended judgment is granted.

On June 24, 2016, defendant Alonzo Sykes ("defendant" or "Sykes") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Sykes argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the United States Sentencing Guidelines. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id.* at 2556-57. In his motion to vacate his sentence, defendant argued that the ruling in *Johnson* should apply with equal force to a similar

provision in the Sentencing Guidelines that served as the basis for his base offense level.

On July 11, 2016, defendant filed an "amendment" to his motion under § 2255 to add claims of ineffective assistance of counsel, maintaining that his counsel was ineffective for failing to object when the government purportedly breached the terms of the plea agreement. (Doc. No. 466 (Amendment).) His amended filing also alleges that there were unidentified "ambiguities" in his plea agreement that should be resolved in his favor. (Amendment at 3347-49.)

On August 29, 2016, the Court stayed the case pending a ruling from the United States Supreme Court in *Beckles v. United States*, No. 15-8544. On March 6, 2017, the Supreme Court issued its decision in *Beckles*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. at *11. This ruling forecloses defendant's motion under 28 U.S.C. § 2255, and the motion is, therefore, denied.

The present § 2255 motion, as well as the "amendment", are also denied as time-barred. On October 21, 2014, the Court sentenced defendant to a term of imprisonment of 135 months. Defendant did not appeal his sentence. Defendant's motion to vacate was not filed until June 24, 2016 and, without retroactive application of the ruling in *Johnson*, his motion and amendment are untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence).

In his motion to correct his judgment (Doc. No. 476), defendant argued that the Court's judgment entry is inaccurate because he was not convicted of nor sentenced under 21 U.S.C. § 841(b)(1)(A). The government has reviewed the plea agreement and transcript from the sentencing hearing and has conceded that the judgment contains a typographical error. (Doc. No. 487 (Government Response ["Gov. Resp."]) at 3485.) Therefore, the Court shall amend the judgment entry to reflect that defendant was convicted in Count 1 of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C).

For all of the foregoing reasons, defendant's § 2255 motion (Doc. No. 465) and his "amendment" (Doc. No. 466) are denied. Defendant's motion to amend his judgment (Doc. No. 476) is granted, and the Court shall issue an amended judgment entry. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 31, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**