# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14-cr-7 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ALONZO B. SYKES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On October 21, 2014, the Court conducted a sentencing hearing, at which time the Court sentenced defendant Alonzo Sykes ("Sykes") to a term of imprisonment of 135 months on five counts of drug-related offenses set forth in the Indictment. During the sentencing hearing, the Court observed that the Presentence Investigation Report ("PSR") recommended that a two-level increase be applied to the offense level due to the possession of a gun or dangerous weapon. (Doc. No. 464 (Sentencing Hearing Transcript ["TR"]) at 3319.) After noting that Sykes had argued in his sentencing memorandum that the gun belonged to his passenger, the Court observed that the parties had, as part of the negotiated plea agreement, agreed that the two-level increase should not apply in this particular case. (*Id*. at 3319-20.) The Court ultimately determined that "[e]ven though properly scored, the Court will not apply the two-level increase for the weapons given the very, very unique circumstances of this case. And so that particular objection is sustained." (*Id*. at 3320.)

Sykes filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 465), and a motion to amend his § 2255 motion. (Doc. No. 466.) He subsequently filed a "letter motion" seeking a corrected judgment (Doc. No. 476.) On March 31, 2017, the Court filed a memorandum opinion denying his § 2255 motion, and his motion to amend, on the grounds that both motions were time-barred.[1] (Doc. No. 491 ["MO"]; Doc. No. 492 ["JE"].) However, in that same ruling, the Court granted Sykes' motion to correct his judgment, finding that the judgment entry contained a typographical error. (MO at 3496.) The Court held that it would amend the judgment entry to reflect that Sykes was convicted in Count 1 of the Indictment of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). (*Id.*; Doc. No. 493 (Amended Judgment ["Am. JE"]).) Sykes filed a notice of appeal from the Court's ruling on his § 2255 motion, and his appeal remains pending with the Sixth Circuit Court of Appeals.

Now before this Court is Sykes' motion styled "Motion to the Court for Revision of the Pre-Sentencing Report Due to Errors." (Doc. No. 505 ["Mot. Rev."].) In his motion, Sykes requests that the Court revise the PSR to remove the recommendation that the two-level enhancement be applied for the possession of a gun or a dangerous weapon. (Mot. Rev. at 3534.) He claims that the unaccepted recommendation must be removed because the PSR will be available to the Bureau of Prisons ("BOP") and it might hurt his chances to be considered for "special programs" within the BOP. (*Id.* at 3535.) Sykes also moved to amend his motion to include a portion of the sentencing transcript wherein the Court indicated that it would not apply

---

[1] Sykes argued that the decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held that the "residual clause" of the Armed Career Criminal Act, was unconstitutionally vague, should be applied to invalidate his sentence under the United States Sentencing Guidelines. On March 6, 2017, the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), held that the ruling in *Johnson* could not be extended to sentences under the guidelines. The Court found that the ruling in *Beckles* foreclosed Sykes' § 2255 motion, and, without retroactive application of *Johnson*, his § 2255 motion was untimely. (MO at 3495.)

the enhancement at sentencing. (Doc. No. 508 ["Mot. Rev. Am."].) In its response brief, the government agrees that it would be appropriate to revise the PSR to reflect the fact that the Court did not apply the two-level increase.[2] (Doc. No. 525 ["Res."] at 3593.)

Rule 32 of the Federal Rules of Criminal Procedure governs sentencing, judgments, and the use of PSRs during the sentencing process. Rule 32 "does not require a court to strike controverted material not considered in sentencing . . . [Instead, t]he district court need only satisfy Rule 32." *United States v. Schrader*, 846 F.3d 1247, 1248 (8th Cir. 2017) (quotation marks and citations omitted). Even though the Court finds that no revision is necessary under Rule 32, the Court will direct that the PSR reflect the fact that the Court did not accept the recommendation to apply the two-level weapon enhancement. To this extent, Sykes' motion to revise (Doc. No. 505) and motion to amend (Doc. No. 508) are GRANTED, and the Court hereby instructs the writer of the PSR to revise that document with a notation at paragraph 40 stating that "Although properly assessed, the Court did not apply these two points when determining the defendant's offense level." (*See* Doc. No. 317 [PSR] at 1957, ¶ 40.)

**IT IS SO ORDERED**.

Dated: April 20, 2018

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2]The government also raises the question of the Court's jurisdiction to entertain Sykes' motions, given the fact that Sykes has appealed the Court's ruling on his § 2255 motion. (*See* Resp. at 3593-94, citing *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984)). Because the present motions have no bearing on the merits of his appeal from the Court's ruling on Sykes' motion to vacate, the Court is satisfied that it retains jurisdiction to consider a request to revise the PSR. *See Holloway*, 740 F.2d at 1382 (district court retains jurisdiction to enter remedial orders not affecting the merits of the appeal) (citations omitted).